8055

ROWE v. UNITED STATES INDUSTRIAL LIFE INSURANCE CO.

Insurance—Waiver—Issues.—Under the evidence in this case it was proper to send to the jury the issue whether the insurer had not waived its right to declare the policy lapsed by accepting past due premiums without insisting on a compliance with its rules and regulations.

Before Gary, J., Charleston, February term, 1911. Affirmed.

Action by Ella Rowe against the United States Industrial Life Insurance Co., of Charleston, S. C. Defendant appeals on the following exceptions:

1. "That the presiding Judge erred in charging the jury as follows:

" 'I charge you that the receipt book shows (and if I am in error I hope the agent will correct me) that on August 22d the policy was more than four weeks in arrears; at that time the agent had a right to say to the insured you have no standing in this company, I cannot receive your money, if you want to continue your insurance you must have another policy issued to you, but the book shows that he did not exercise that right, he collected seven and a half premiums at one time, showing that this agent did not consider the contract with the insured to be forfeited and that they still considered it to be alive,' the error being that his Honor absolutely disregarded the provisions of clause 8 of

the policy, which provided for reinstatement upon payment of back premiums in full, but under conditions therein stated, none of which conditions provided for the issuance of a new policy and, therefore, the receipt of the premiums without the issuance of a new policy could in nowise be construed to be a waiver of the conditions of reinstatement provided for by the contract.

2. "That the presiding Judge erred in charging the jury: 'Now, I say the insurance company had a right to discontinue its policy when it was four weeks in arrears, but they did not, the agent collected seven and a half premiums—now, I say if they had knowledge at that time that the insured was in arrears and they didn't stand by their contract, but went ahead and accepted his money, leading him to believe that he was insured, they cannot say his policy was not good; the law comes in and says you waived your right to stand on your forfeiture clause,' the error being that the presiding Judge disregarded the provisions of clause 8 of the contract, which gave the insurer the right to accept premiums from policyholders out of benefit, and reinstatement upon such acceptance was under the terms of that clause, the effect and construction of the charge as above set forth necessarily leading the jury to believe that an acceptance of premiums more than four weeks in arrears was a waiver of forfeiture, without any consideration of the terms and conditions provided by the policy for such waiver.

3. "That his Honor erred in charging the jury: 'Now, I say it had a right to say when these premiums were in arrears four weeks, we won't receive your premiums, you are out of benefit, but if they did not and lead the insured to believe that by paying the back premiums, which the agent accepted, shown by the receipt book, and that went into the treasury of the company, the company will not be permitted to say, you are out of benefit; they had a right to insist on it, and also to waive it, but if they didn't stand

on it, and not having invoked it, then they will not be per-
mitted to receive the money from the insured and get the
benefit of his premiums, and then say we are not liable for
that time,' the error being that his Honor should have
construed clause 8 of the contract in connection with this
charge, and instructed the jury that the insurer had the
right to waive the forfeiture, but if such waiver was made,
that the provisions of clause 8 controlled the effect of that
waiver and defined the rights of the insured thereafter.

4. "That his Honor, the presiding Judge, erred in charg-
ing the jury: 'Now, the question of fact for you is, did the
insurance company, with the knowledge of the fact, with
that knowledge, did they go and put the insured to the
expense and trouble, and so conduct themselves as to lead
him to reasonably believe that he was still insured, then
accept his money under these conditions; if so, a Court of
law will not permit them to come and say that we are going
to stick to the forfeiture clause,' whereas, he should have
charged that the question of fact for the jury was, 'if a
forfeiture occurred under clause 7 of the contract and there-
after the past due premiums were accepted by the company,
was such acceptance made by the company under the terms
of clause 8, or was there a waiver of that clause also?'

5. "That his Honor, the presiding Judge, erred in charg-
ing the jury (after reading to them clause 7), 'that is a
valid clause to put in, but if they go and accept the money
after that and lead the party from whom they accept it to
believe that they do not intend to hold him down to that
strict rule they would waive their right.' The error being
that the presiding Judge again disregarded the provisions of
clause 8, which, in the construction of the contract, must
necessarily have been construed in connection with Clause 7.

6. "That upon being requested by defendant's counsel
to construe clause 8 in connection with clause 7 of the con-
tract, his Honor, the presiding Judge, erred in charging the
jury: 'Now, there is a rule put down that if he is in arrears

for four weeks or more, this forfeiture clause is put here that he must be reinstated by issuing another policy, that he be subject to another medical examination if they so desire, the company having the right to waive it if they desire to, they have the right to waive that a new policy be issued to him as in the case of the medical examination, because, if they have kept it alive by their conduct, there is no necessity for another policy to be issued, they can waive that clause as any other clause on the back of the contract, they can hold him down to it or they can waive it.' The errors being (1) there is no requirement under clause 8 nor in the contract that insured must be reinstated by the issuance of another policy; (2) that he should have construed said clause 8 to mean, 'that if a policyholder was out of benefit under clause 7, he could be reinstated by payment of back premiums in full (and upon passing a medical examination, which could be waived), but such policyholder would not be entitled to benefit unless in sound health and free from disease at the time, and that the company would not be liable under said policy if insured died within five weeks after such reinstatement and, therefore, if the insured was out of benefit under clause 7 and had been reinstated under clause 8, but died within five weeks after such reinstatement, he could not recover under said policy, unless the jury should find that the insurer had waived the provisions of that clause limiting the liability.' "

*Messrs. Nathans & Sinkler,* for appellant, cite: *The forfeiture clause is not ambiguous:* 77 S. C. 531.

*Mr. Wm. H. Grimball,* contra, cites: *When forfeiture is waived:* 42 S. C. 14; 43 S. C. 26; 46 S. C. 541; 51 S. C. 180; 52 S. C. 224; 54 S. C. 599; 55 S. C. 589; 57 S. C. 16; 63 S. C. 192; 77 S. C. 531; 78 S. C. 533; 88 S. C. 31. *Reinstatement implies prior forfeiture:* 77 S. C. 531. *Forfeit-*

*ures are not favored:* 96 U. S. 577; 60 S. E. 470; 88 S.
C. 38.

December 18, 1911.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.   This is an action to recover the sum
of one hundred and forty dollars, alleged to be due the
plaintiff on a policy of insurance, issued by the defendant
on the life of her husband, John G. Rowe, wherein she was
named as the beneficiary.

The defendant interposed the following as a defense to
the complaint : "That under and by virtue of the conditions
of said policy it was provided as follows :

7. "'Should the payment of weekly premiums upon this
policy be due four Mondays or longer, this policy shall be
void, and all payments hereunder shall be forfeited, said
insured shall be out of benefit, and the company shall be
freed from its liabilities hereunder.

8. "'Policyholders out of benefits, as per clause 7, may
be reinstated upon payment of back premiums in full, and
upon passing a satisfactory medical examination (but such
an examination may be waived by the company if it desires
to do so), but the insured will not be entitled to any benefit
under this policy, unless in sound health and free from any
disease at the time of such reinstatement, and in case death
should occur from any cause whatever, within five weeks
from the date of such reinstatement, the company shall not
be liable to any extent whatever, on account of such
death.'

"That the insured, John G. Rowe, on the 27th of August,
1910, under the terms of said policy was seven and one-half
weeks in arrears of weekly payments under the said con-
tract agreed to be paid, and under the terms of said contract
the policy was void and all payments thereunder forfeited,
and the insured, John G. Rowe, was out of benefit, and this

defendant freed from its liabilities under said contract. That on the 27th day of August, 1910, the said John G. Rowe paid to the agent of the defendant, under the terms of condition eight (8), above set forth, the sum of one dollar and forty ($1.40) cents, being weekly premium for seven weeks, and thereafter, on the 21st day of September, 1910, the day of the death of the said John G. Rowe, his wife paid to the agent of this defendant the further sum of eighty (80) cents under the terms of condition eight (8) aforesaid, being weekly premiums for four weeks. That the said John G. Rowe died on the said 21st day of September, 1910, of a disease from which he was suffering on the said 27th day of August, 1910, and death occurred within five weeks from said 27th day of August, 1910, whereby, as set forth in said conditions seven and eight, this defendant was not liable to any extent whatever, on account of said death. That upon being informed of the death of said John G. Rowe, this defendant tendered to the representative of said John G. Rowe, the sum of two dollars and twenty ($2.20) cents, being premiums paid on the 27th day of August, 1910, and the 21st day of September, 1910, but said representative refused to accept the same, and this defendant alleges that it is now and has always been ready and willing, to return the said two dollars and twenty ($2.20) cents paid as aforesaid."

On the trial of the case, the receipt book delivered to John G. Rowe, was introduced in evidence, without objection, which, under the head of "Extracts from the rules, regulations, etc., of the company," contained the following:

*"Policies in arrears more than five Mondays become lapsed.* No money paid to an agent after that time, will effect a revival or continuance of the policy, and any agent collecting money after such time, is committing a fraud upon both the company and the insured, except he does it in accordance with the following plan, which is the only mode

of revival: A written application upon the company's regular form must be made, and with it a deposit of all premiums in arrears. A receipt must be given for this deposit, which deposit is not sent to company, but is retained at the local office to be returned if the applicant be rejected, and to be sent to the company if the applicant be accepted. In no case must premiums in arrears more than five weeks be entered upon this book, until after a revival form has been sent to and approved by the home office, when the revival receipt is to be returned to the agent, and the amount of the same receipted in this book. All other entries will be in fraud of the company, and not recognized by it.

*"In all cases of revival the old policy must be surrendered and the form of policy in use at the time of revival accepted in its stead."*

J. S. Thompson, defendant's secretary, testified on cross-examination as follows:

"In the first part of your book, where it speaks of revival, does not it say before any revival, the person who is insured, shall first make out an application for a revival and get a receipt and turn in his old policy and get a new policy? He turns in his old policy and has it revived. You said it was not the custom of the company to collect on a policy which was lapsed without a regular form of renewal? Yes, sir. Don't your books show that you violated that rule in this very instance; didn't you collect these seven and a half premiums after the policy was lapsed, that was a violation of the rule; was not it? It should have been lapsed after four weeks. Should not there have been a renewal under your rule? Yes, sir; a revival form should have been made out and the policy reinstated. If the policy was lapsed the rule to get in again was to issue a new policy? Yes, sir. Didn't your company violate that rule when it accepted these seven and a half premiums in the lifetime of the insured? A revival should have been made out."

The jury rendered a verdict in favor of the plaintiff, for the sum of one hundred and forty dollars, and the defendant appealed upon exceptions which will be reported.

It will not be necessary to consider the exceptions in detail, as the practical question raised by them is, whether there was error on the part of his Honor, the presiding Judge, in submitting the question of waiver to the jury.

It is unnecessary to cite authorities to sustain the proposition, that it is the right and duty of a corporation, to formulate reasonable rules and regulations for the conduct of its business; and that they are as binding upon the corporation, and those dealing with it after notice thereof, as if such rules and regulations had been declared, in express terms, to be a part of the contract. Therefore, when the insured accepted the receipt book delivered to him by the insurance company with extracts from certain rules and regulations therein printed, they became a part of the contract, and of course were binding on both parties.

There was a failure on the part of the defendant to insist upon the rules and regulations hereinbefore mentioned, and the question whether this was a waiver was properly submitted to the jury. *Heustess* v. *Ins. Co.,* 88 S. C. 31.

Furthermore, the Court could not have construed the policy of insurance, in the manner for which the appellant contended, as the provisions thereof and the rules and regulations, were in some respects contradictory, especially, since there were other facts in the case, with which they were to be considered. *Holliday* v. *Pegram,* 89 S. C. 73.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE HYDRICK *did not sit in this case.*